Good morning, Your Honor. May it please the court and counsel, Judge, it's a pleasure of mine to be back in front of the court. Judge, it seems to me the issue in this case simply… Could you talk a little louder? I'm just not picking up… I'm sorry. …all the words. I'm going to try to get this thing figured out. It seems to me, Your Honor, that the issue eventually boiled down to this case has come down to the fact that has Quezada-Daza's trial counsel rendered ineffective assistance to counsel mainly based upon the fact that he did not object to the general verdict form in… Let me ask you something about the prejudice branch. I'm thinking there's… now that we… now that Apprendi came down and since it's a statutory maximum, there's plain error all over the place. I agree. But at every step, I have trouble seeing the prejudice. I mean, suppose I'm this guy's lawyer and I ask, oh, I want a verdict form so the jury will tell us beyond a reasonable doubt what the quantity is. Well, they're going to and it's going to be adverse because the evidence is plain, simple, clear, and it was measured. And then suppose I say I want a reversal because the judge committed this plain error and I get the reversal and we go to trial again. They're going to prove the quantity. All I do is nail down any possibility of getting a break against me. So talk about the prejudice. Correct. Judge, I think the prejudice would essentially be, in this case, in regard to the Strickland… I'm assuming you're talking about the Strickland analysis and the prejudicial prong of that. In regards to that, Judge, I think the prejudice would be the fact of the judge is the one who determines what happened. At this point, essentially, it's speculation. All we can do at this point is speculate what the jury would have found because no one really knows because no one can get in the head of the jury and there's not a general verdict form that essentially says what exactly the verdict was. So the prejudice would be… Wasn't all the evidence clear and unambiguous and uncontradicted on the quantity? Well, there was evidence of marijuana and the methamphetamine that was in the vehicle. That's correct. And also evidence of other loads that were involved with prior drug transactions. Is there a different sentence if the jury found methamphetamine but not marijuana or vice versa? There's a difference in the statutory maximum that can be imposed. So the prejudice potentially would be if the jury were to have agreed that he was responsible for one of the drugs but not both. Right. And that's part of my argument. Essentially, he got 292 months because they aggregated all these accounts. But if the What is the remedy that you are seeking specifically? Do you think that you're entitled to a new trial or to new sentencing proceeding or what is it you think you're entitled to under your best theory and why? I appreciate it. I think the remedy we're entitled to is similar to what recently came down the Sixth Circuit in the Ballard case that I submitted my 28-day letter on. It's where the Sixth Circuit essentially said they were pursuant to the law in effect at that point, which underneath the Dale decision in the Sixth Circuit, what is close to the Garcia decision in the Ninth Circuit, which essentially says you can only sentence, when it's a general verdict form, you can only sentence on the lower statutory maximum overt act. And so what we're asking is that this court remand this case back to sentencing pursuant to the case on the Ninth Circuit pursuant to Garcia and recently the Jackson in the United States v. Edwards Supreme Court decision. What do you do about the Supreme Court decision in the United States v. Cutt? There, the court addressed whether the omission of, even from the indictment, the quantity that enhanced the statutory maximum would justify the court of appeals vacating the enhanced sentence that was enhanced for the quantity where the defendant did not object in trial court. And there, the court said the evidence of the quantity was overwhelming and essentially uncontroverted. So they reversed the Fourth Circuit for saying it should be resentenced and said, nope, the sentence stands. What do you do about Cotton? Well, I think Cotton stands for the proposition of apprendi on the additional fact over the statutory maximum. What we're trying to argue in this case is essentially the general verdict form compounded along with apprendi constitutes the ineffective assistance in this case. So I think it's really important. Apprendi, of course, is apprendi issue on asking to reverse the sentence. Essentially, we're talking about ineffective assistance of counsel in this case. And I think the important distinction essentially is that the point I really want to emphasize Well, prejudice, don't you have to show that had the lawyer done all that he should have done and would have done if he'd been aware of apprendi. I don't think it had come down yet, actually. And then his client would have been better off. And the better off part is what I have trouble with. And that's those branches of Olano about public integrity and fairness and reputation, and judicial proceedings and all that. Correct. And I guess the way I look at it, Judge, is that on the general verdict form, in regards to the case law set out in Garcia and Jackson and Edwards, they talk about how this court re-abused this type of case, Denovo. They don't really go to the plain error analysis because the general verdict form is, I guess, what they're trying to say is it's a constitutional violation, mainly because the judge is deciding the facts of the case in regards to the overt acts when the jury never really comes down to what the issue is. And so Lisa and Garcia talks about how this court reviews a Denovo rather than a plain error analysis in regards to this general verdict form. Because I'm really not focusing on apprendi. It's more of an overlay of what this general verdict form and the case law that was in existence in the Ninth Circuit at the time. And so I'm not telling this court that, according to apprendi, apprendi essentially resolves this whole issue. But I think that the general verdict form, along with apprendi, and how it overlays. What is prejudice? I'm sorry, Judge, I couldn't hear you. What is the prejudice for the prejudice branch of Strickland? The prejudice, Judge, is essentially this guy would have gotten five years instead of 292 months. No, he would have gotten, if he'd had an omniscient lawyer, he would have gotten a jury verdict with the enhanced quantity and gotten socked with a sentence that he couldn't do any post-conviction challenging of because the evidence was overwhelming and uncontradicted on quantity. Well, I understand the point. I guess— That's not speculation because Cotton does the same analysis. Well, Judge, I think that—I understand your point. I think the prejudice prong is essentially met mainly because I think— but to me it's a speculative nature because the judge, at least according to Garcia's opinion, the judge is not allowed to speculate on what the jury would have done absent what the attorney would have done. Let me see. I guess we're all through the direct appeal, and this is post-conviction relief based on ineffective assistance of counsel. So I suppose we don't just look at it in terms of a lot of plain error. We look at it in terms of Strickland and prejudice. That's my understanding. That's correct, Judge. And you're saying on prejudice we have to assume it. Well, I'm not saying— I don't think the law is that. I understand your opinion on that, Judge. I understand that and appreciate it very much. It's not just my opinion. I thought it was the law, but if I'm wrong, point me to the law that says differently that we should just assume prejudice and not look for it. Well, Judge, I guess I can't point to the law that says we assume the prejudice. All I'm arguing is that my argument that there would have been prejudice, considering the fact of the disparity in the sentences. Counsel, is there anything in what we have before us that suggests that it was a reasonable possibility that he would have been found responsible only for the marijuana, which carried the five-year maximum, versus, in addition, the methamphetamine, which raised the statutory maximum higher, much higher? Correct, Judge. I would just point to the trial record. Essentially, there was mainly testimony by one of the—not co-defendants, but one of the cooperating witnesses who talked about—there was, at one point, there was one load. There was a total of six load—six total transactions. One of them had to do primarily with marijuana. Some had to do with methamphetamine. Some had to do with methamphetamine and marijuana. So there was essentially some record that just marijuana was in some of those distributions. But in terms of the evidence tying the defendant to them, was there anything that would have permitted the lawyer reasonably to argue that he was responsible only for the marijuana? Just the phone—essentially, the cooperating witness said that he would make telephone calls to Mr. Quezadaza, at least my client, in this case, Mr. Quezadaza, in reference to the marijuana. So that's where the prejudice lies, presumably, if the lawyer could reasonably have argued, you know, maybe he's guilty, but he's guilty only of the marijuana that's discussed in this phone call, and that, you know, that would have been only a five-year maximum. That's correct, Judge. Okay. Thank you. Thank you, Your Honor. Thank you, Counsel. May it please the Court, Counsel, my name is Michael Feek. I'm an assistant United States attorney from the District of Idaho. Your Honor, as the Court's aware, the facts of this case are fairly simple, although worth disabling. Counsel, if the lawyer is—I think the Ninth Circuit panel, we decided this case at just about the same time Apprendi came down. That's correct. The chances are that we just overlooked Apprendi, but the process of doing the decision was too far down the tracks, and we just didn't spot it. If there had been a petition for a re-hearing that said a new Supreme Court case just came down, Apprendi, and there was plain error, it seems pretty likely we would have read Apprendi and said, Oh, my gosh, there was plain error. Statutory maximum was enhanced here, and the enhancer was not submitted to the jury, and we would have gotten a reversal. Why isn't that enough? Well, Your Honor, because where we come now before a court on a habeas petition, rules have changed. But why is not ineffective assistance of counsel for counsel not to have made a motion for re-hearing on direct appeal? In a sense, yes, counsel maybe should have made the motion for re-hearing. And aren't both prongs of Strickland satisfied in that supposition? No, not in that supposition, Your Honor, and here's why. Again, as the Court inquired with regard to counsel previously, you still have to demonstrate the prejudice, Your Honor. Why is it reversal prejudice? Well, in this case, Your Honor, the reversal is not prejudice because, quite honestly, the uncontroverted evidence that formed the basis of the conviction in this case was the one vehicle low. It essentially merged. Here's my question a little more refined. I don't really doubt that had the lawyer filed a petition for re-hearing, he probably could have gotten a reversal. And I don't really doubt that the government could have convicted again and nailed the defendant for the full quantity of both prongs. And what I'd sort of like to know is what the law is. Is it enough for Strickland prejudice to get a reversal, or do you have to show for Strickland prejudice that at the end of the proceedings, the outcome would have been better? And essentially what the appellant bears the burden of showing, as we stand before this Court today, is a reasonable probability that for the error, the result would have been different. Could you point me to the authority that resolves that question I raised for you? Well, Your Honor, I guess I would fall into the catch-all of the Cotton decision. The Cotton decision seems to be, for lack of a better term, Your Honor, it seems to be my safety net here. Because essentially what the Cotton decision says is you fall back after all's said and done and after the desk's settled on essentially a fundamental fairness argument. And what, in how, in what respect is justice done? To equate it to the first argument that counsel makes with regard to the special verdict form, and in answer to, I guess, one of the questions posed to opposing counsel, it seems to me that in order for counsel to prevail on the issue of ineffective assistance of counsel with regard to the special verdict form, essentially what counsel would have to show at this level is that there's a reasonable probability that the jury would have convicted, had the special verdict form been requested by counsel, by trial counsel, that the jury would have convicted the defendant on the conspiracy to possess marijuana, but not on the conspiracy to possess methadone. Sotomayor, on that question, what is your response to the claim that there was evidence that the phone calls to this defendant related only to marijuana, that that was the thing that he, that was his specialty, if you will? Well, and that evidence certainly exists, but that evidence is over, and let me, if I can qualify what I'm about to say by pointing out that this isn't just my opinion. This was the opinion of the trial court in its decision on the habeas corpus petition before it, that that issue or that evidence is overwhelmingly overshadowed by the vehicle load coming up and the car containing both marijuana and methamphetamine. But wasn't that for the jury to decide? Wouldn't a competent lawyer have said, you know, made the argument to the jury that, you know, that part of it is his, but the other part isn't? That's absolutely correct, Your Honor, and in that respect, I simply can't stand before the Court here today and suggest that there wasn't error. I certainly have to concede that in a perfect world, it should have been done differently. Let me ask you this, and I know you don't concede that any relief is warranted, but assume for the sake of this question that we were to conclude that there was ineffective assistance, including prejudice. What, in your view, would be the proper relief that should be granted? Counsel is saying that we should take the six-third approach of the five-year maximum because that's the minimum that the jury could have found under the general verdict. I'm sure there are many other options. What do you favor? Well, I understand that, and I must confess that as I sat here and heard that question posed to counsel, my answer popped into my mind, and then the question that I know the Court may pose, I don't have an answer for it. And that is, quite honestly, I don't think that's the appropriate remedy. Why not? Again, falling back to the Cotton decision. I think the Cotton decision, as the safety net explains, there's a certain issue of fundamental fairness here. There's a certain suggestion by the Supreme Court in the Cotton decision that we're not going to let the Apprende line of cases become a technical loophole that will allow the large-scale drug traffickers to escape with the smaller sentences. That's okay, that level of generality as an answer, but we, assuming for the sake of the question that we find that some relief is warranted, we have to decide what it is. And I'm looking for the government's position, if it has one, as to what kind of relief should be available in this type of situation where there's a general verdict instead of a special verdict that allows us to know what the jury actually had in mind. Well, and to that extent, Your Honor, quite honestly, I'm at a bit of a loss. I don't know the answer to that. I know that the Sixth Circuit suggests the remand is for the sentence at the lower level. That lies in the face of Cotton. I'm not sure I'm comfortable standing before the Court and suggesting that it somehow, completely. Let's suppose that we read Cotton. Cotton says that it would actually be, they look at those last three Ilano factors about justice and fairness to the public, and I can't remember the exact formula, and they say it would be an injustice and hold the system of justice up to disrespect if a person were sentenced for a substantially lesser crime than the one who committed. So they reject using the Ilano standards application of plain error and the granting of relief on the sentence. I'm thinking that cuts in favor of vacating the conviction. On the other hand, that means the government has to start over from scratch. Sometimes you give a defendant an election. In this case, he would undoubtedly elect to have the five-year cap. I'm not aware of any case where you give the government an election. Is there any reason we shouldn't just vacate the conviction and let the government run it from scratch in order to avoid that statement in Cotton that says it's an injustice to give the person a lesser sentence? And quite honestly, as I mentioned, Your Honor, I anticipated the reasoning ultimately getting to this point. In answer to that question, I don't have authority to make that argument. It's always so comforting to read another case that tells you what to do. I understand that, and I just don't, Your Honor. But to that end, if I may, in just my few seconds in conclusion, point out that it's still the government's position that we don't get there because since we're here on a habeas petition today, Your Honor, the burden still lies with the appellant to show that there is some sort of a fundamental fairness. If I may just conclude my thought, Your Honor, some fundamental fairness, that but for the error, the result would have been different. And to summarize the statement made both by the appellant in his brief and in argument today, that's purely speculative. And at this level, Your Honor, speculation is not enough. At this level, Your Honor, the appellant has to show under the Strickland test that but for the error, there's a reasonable probability that the result would have been different. And that reasonable part, that establishment of reasonable probability simply does not exist on the record here today. Thank you, Your Honor. Thank you, Counsel. Counsel, you went over time, but if you want to take 30 seconds or so for rebuttal. I have a question for you, too. May I start with the question? And that is, what's wrong with Judge Kleinfeld's reasoning that a new trial is required in the face of your claim that the ineffective assistance occurred not only at the appellate level but at the trial level for failure to ask for the general verdict? Why doesn't that mean new trial? I guess my initial inclination with that research and the issue in the entirety would be a speedy trial claim. At this point, I think the trial... Well, it's your claim to... It's not an appeal, but it's your habeas petition. You're the one who's here seeking relief. So if we grant relief, there's not a speedy trial problem unless there was originally a speedy trial problem. Oh, I see what you're saying. I'm sorry. Okay. If we agree with your claim, why shouldn't the relief be a new trial? Well, I think the relief should be mainly because it was ineffective assistance at the time and that the sentence would essentially go back to the five-year statutory maximum sentence. Well, not necessarily, and here's what I'm thinking. I mean, there's a possibility, certainly, that the jury would have found only the marijuana conspiracy, but we don't know that. Right. And if the error was at the trial, why wouldn't the answer be a new trial at which the government can make its case and the lawyer can make those arguments? Judge, I don't know if I have an answer to that myself. I can just say in the research and the law, essentially, the Sixth Circuit came down with the remedy that I just proposed in response to Judge Kleinfeld. I know the Seventh Circuit kind of has a different type of remedy where if this is brought out, essentially they withhold judgment for about 30 days and go back and go to the government and say, hey, I'm going to let you elect on what you want to do, either a new trial or you're sentenced towards a lower, and I know that the Seventh Circuit kind of has that approach. The Seventh Circuit allows the government to elect? What's the case now? Yeah, the Seventh Circuit has that approach, and if you like, I can supplement that authority. I know I read that, but I don't have the case off the top of my head, but I can supplement that. With the presiding judge's agreement, I'd appreciate that citation. Go ahead and furnish it on one of those forms that the clerk will give you to opposing counsel and to us. I have a question along the same lines. Well, maybe not quite the same lines. At page 81 of the excerpts, defense counsel is objecting to relevant conduct in the pre-sentence report, and defense counsel says, this is after the trial, his relevant conduct only establishes his involvement, that's talking about your clients, in those drugs actually seized in the possession of Fred Nungare. Thus, Jesus would be accountable to answer for 95.8 grams of methamphetamine and 28.5 pounds of marijuana. And then he goes on to say at the bottom of the page that the calculations for Jesus should not include other loads and should just include these exact measured amounts of methamphetamine and marijuana. And then I look at the United States Supreme Court decision in Cotton, and their comment on just sentencing for the smaller amount when there's been a Prendi error is they say, the real threat then to the fairness, integrity, and public reputation of judicial proceedings would be if respondents, despite the overwhelming and uncontroverted evidence that they were involved in a vast drug conspiracy, were to receive a sentence prescribed for those committing less substantial drug offenses because of an error that was never objected to at trial. When I put those two things together, the conclusion I'm led to is that we would be acting contrary to the fairness, integrity, and public reputation of judicial proceedings standard in Olano if what we did was what you want us to do, send the defendant back down for resentencing that just gave him a five-year max in view of the uncontradicted evidence and even his own admission that he was also involved with the meth. I don't see how we can do it. Now, you say we can under Sixth Circuit authority. Is that post-Cotton? Does it talk about Cotton? That's correct, Judge. That's a brand-new case out of 2005, March of 2005. It's the Ballard case out of the Sixth Circuit. It talks about this issue with the Prendi and this general verdict form because arguably it's very confusing, Judge, and I've got to tell you it's a confusing concept. And this case grappled with the same concept. I think if you look at it just at Prendi, it's coming down the same road that you're coming down, is that it's kind of hard to get there, but if you look at it along with the general verdict form, which was Ninth Circuit law at the time, if you look at those together, they essentially came down to saying the prejudice was the Prendi error in regard to the Strickland test. And so that court grappled with that analysis, and also I grappled with it myself. And I look at that Sixth Circuit case to help me kind of argue that to Your Honor, because essentially I'm really pointing to the general verdict form and how a Prendi kind of overlies that, and that's what causes the prejudice. Not only was there Ninth Circuit law in effect that says you could not do it, essentially you need to have a specific verdict form in a case like this, and if you don't have it, the judge is not able to speculate. And Jackson compounds on that and says, well, you can speculate as long as it doesn't go over the statutory maximum of the lesser overt act. And so I found that Jackson case very helpful in that point, and I know that New Ballard case was very helpful in that point for me to be able to make that argument to you, Judge. But the Sixth Circuit comes down, and I think every circuit except the Seventh Circuit has that analysis in regard to the general verdict form. But the Ballard case is the closest one, the latest one, post-Booker even, that kind of talks about this issue. Thank you. Thank you, Judge. I appreciate the time that you've given. The United States versus Nevada DASA is submitted.
judges: Kleinfeld, Graber, Bea